UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

LORD EDWARD MANWELL JOHNSON,

        Plaintiff,                    Case No. 2:20-cv-27

v.                                      Honorable Paul L. Maloney

BRENDA L. BUCHANAN et al.,

        Defendants.
_____/

## OPINION

      This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

**I.    Factual allegations**

      Plaintiff presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues the following medical

providers at URF: Nurse Practitioner Brenda L. Buchanan and Registered Nurses Christi Corpe, Gerald Covert, Tristina M. Smith, and Mary A. Guild.

According to the complaint, on November 5, 2018, Defendant Buchanan performed an incision on Plaintiff's left big toe, to remove an ingrown toenail. Defendant Buchanan informed Plaintiff that she was placing a piece of gauze in the wound to help control the bleeding, and she indicated that it would need to be removed in a day or two. Plaintiff, however, was not called back to health care in the next two days, as indicated. On November 10, 2018, Plaintiff began to experience significant pain, and he noticed green pus leaking from the toe, which was swollen and red. Plaintiff complains that the pain interfered with him sleeping and walking.

On November 12, 2018, Plaintiff was called to health care, where he was examined by Defendant Buchanan. Plaintiff reminded Buchanan that she had left gauze in his wound. Buchanan became irate, told Plaintiff that she had not left a foreign body in the wound, and denied Plaintiff's requests for a wheelchair or an open-toed boot. Plaintiff sent another medical kite on November 13, in the hope of getting a different medical provider to examine the wound. Defendant Covert visually examined Plaintiff's wound on November 14, 2018. Defendant Covert commented, "Wow! [T]he toe smells bad and I can see green pus[] in the corner[;] it's infected bad." (Compl., ECF No. 1, PageID3.) Plaintiff explained that gauze had been left in the wound and never removed. Defendant Covert told Plaintiff that he did not want to "mess with" the wound, because Defendant Buchanan needed to fix it. (*Id.*) Defendant Covert placed Plaintiff on lay-in from work and ordered meals delivered to his cell.

Plaintiff wrote another medical kite on November 16, 2018, asking to have the gauze removed and seeking pain relief. Defendant Corpe visually examined Plaintiff's toe on November 20. Defendant Corpe asked who worked on Plaintiff's toe, and Plaintiff responded that

2

Defendant Buchanan had done the surgery. Plaintiff informed Defendant Corpe that that the gauze had never been removed and that he was unable to sleep or walk because of the pain. After looking at the record, Defendant Corpe told Plaintiff that Defendant Buchanan had scheduled an appointment to see Plaintiff, but Plaintiff would have to wait until Defendant Buchanan got back from vacation. Plaintiff asked Defendant Corpe to at least look at the toe and remove the gauze. She refused, telling Plaintiff that he had to wait until Buchanan came back. Defendant Corpe told Plaintiff that she was placing him on meals-in and Motrin, and she asked two prisoners to help Plaintiff back to his bunk.

Plaintiff submitted yet another medical kite on November 23, 2018. He was finally examined by Defendant Buchanan on November 28. At that time, after closely probing and examining the wound, Buchanan discovered that Plaintiff was correct and that she had failed to remove the gauze. Buchanan apologized for her mistake, removed the gauze, and cleaned the infected toe. On December 4, 2018, Plaintiff was seen by Defendant Nurse Smith, who visually examined his toe while typing into the computer. Defendant Smith informed Plaintiff that she would have prisoners assist Plaintiff back to his cell and would call Defendant Buchanan to see Plaintiff. She instructed Plaintiff to stay off his feet.

Plaintiff wrote another medical kite. On December 11, 2018, he was visually examined by Defendant Nurse Guild. Plaintiff again was informed that meals-in and no-work details were reauthorized. On November 20, 2018, Plaintiff was approved for medical shoes; however, Plaintiff was not measured for the medical shoes for two-and-one-half months. Plaintiff's allegations do not detail whether he had additional problems with his toe after December 11, 2018.

Plaintiff alleges that he was deprived of adequate medical care, presumably in violation of the Eighth Amendment. He seeks compensatory and punitive damages, together with declaratory and unspecified injunctive relief.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed

by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

**III.     Eighth Amendment**

Plaintiff complains that all named Defendants denied him adequate medical care. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 899 (6th Cir. 2004). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical

treatment," *Napier v. Madison Cty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer,* 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995); *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). If "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Rouster v. Saginaw Cty.*, 749 F.3d 437, 448 (6th Cir. 2014); *Perez v. Oakland Cty.*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998). "Where the claimant received treatment for his condition, as here, he must show that his treatment was 'so woefully inadequate as to amount to no treatment at all.'" *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2014) (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)). He must demonstrate that the care he received was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *See Miller v. Calhoun Cty.*, 408 F.3d 803, 819 (6th Cir. 2005) (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989)).

"[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Here, while Plaintiff apparently suffered significant pain from the infection of his big toe, Plaintiff fails to allege that any individual Defendant acted with the requisite deliberate indifference. Plaintiff clearly alleges that Defendant Buchanan acted negligently in failing to remember at the first post-surgical visit on November 10, 2018, five days after Plaintiff's surgery, that she had left gauze in the wound that had not yet been removed. Indeed, she acknowledged as much and apologized to

Plaintiff on the second occasion that she saw him after the surgery, November 28, 2018. However, negligence is insufficient to state an Eighth Amendment claim. *Farmer,* 511 U.S. at 835. Nothing in the facts alleged suggests that, when Defendant Buchanan saw Plaintiff on November 10, 2018, he was suffering from an objectively serious medical condition of which even a lay person would have been aware. And by the time Defendant Buchanan saw Plaintiff on November 28, 2018, she appreciated the seriousness of the condition and addressed the problem.

Moreover, the four other Defendant nurses each saw Plaintiff one time between November 14, 2018, and December 11, 2018. Each of the nurses issued medical accommodations, including lay-ins from work, in-cell meals, assistance in transporting Plaintiff from medical visits, and, ultimately—after Defendant Buchanan had removed the gauze and treated the wound—measuring Plaintiff for an open-toed boot. Both Defendants Corpe and Covert made sure that Plaintiff was scheduled to be seen by Defendant Buchanan. Nurse Corpe ordered Motrin for Plaintiff's pain. Nurses Corpe and Covert both informed Plaintiff that they could not treat his wound and that Defendant Buchanan was required to do so. Both Defendants Smith and Guild, who only saw Plaintiff after he was treated by Defendant Buchanan, continued Plaintiff's accommodations and contacted Defendant Buchanan about pain relief.

While Plaintiff undoubtedly experienced pain and some delay in Defendant Buchanan's re-treatment of his wound, Plaintiff's factual allegations fall short of demonstrating that any individual Defendant was deliberately indifferent to a serious medical condition. Plaintiff therefore fails to state an Eighth Amendment claim.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide

whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). The Court declines to certify that an appeal would not be in good faith.

Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated: March 25, 2020 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge